UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

STEPHEN GRAY, individually and on
behalf of all others similarly situated,              :

        Plaintiff,                                  :   Civil Action No: 07 Civ. 9790 (SHS)

v.                                                    :

CITIGROUP INC., CHARLES PRINCE,                       :
THE PLANS ADMINISTRATIVE
COMMITTEE OF CITIGROUP INC.,                          :
THE 401(k) INVESTMENT
COMMITTEE, and JOHN DOES 1 - 20,                      :

        Defendants.                                 :

-------------------------------------------------------x

SHAUN ROSE, Individually and On
Behalf of All Others Similarly Situated,              :

        Plaintiff,                                  :   Civil Action No: 07 Civ. 10294 (DC)

v.                                                    :

CITIGROUP INC., CHARLES PRINCE,                       :
THE PLANS ADMINISTRATIVE
COMMITTEE OF CITIGROUP INC.,                          :
THE 401(k) INVESTMENT
COMMITTEE, and JOHN DOES 1 - 10,                      :

        Defendants.                                 :

-------------------------------------------------------x

MEREDITH TRANBERG, individually               :
and on behalf of all others similarly situated :

        Plaintiff,                                  :   Civil Action No: 07 Civ. 10341 (UA)

v.                                                    :

CITIGROUP INC., CHARLES PRINCE,                       :
THE PLANS ADMINISTRATIVE
COMMITTEE OF CITIGROUP INC.,                          :
THE 401(k) INVESTMENT
COMMITTEE, and JOHN DOES 1 - 20,                      :

        Defendants.                                 :

-------------------------------------------------------x

972721.1

```
-------------------------------------------------x
ANTON RAPPOLD, individually and on      :
behalf of all others similarly situated,      :
                                               :
                Plaintiff,                     :       Civil Action No: 07 Civ. 10396 (UA)
v.                                             :
                                               :
CITIGROUP INC., CITIBANK, N.A.,         :
CHARLES PRINCE, THE PLANS              :
ADMINISTRATIVE COMMITTEE OF            :
CITIGROUP INC., THE 401(k)             :
INVESTMENT COMMITTEE, and JOHN         :
and JANE DOES 1 - 10,                  :
                                               :
                Defendants.                    :
-------------------------------------------------x
SAMIER TADROS, on Behalf of All         :
Others Similarly Situated,                    :
                                               :
                Plaintiff,                     :       Civil Action No: 07 Civ. 10442 (UA)
v.                                             :
                                               :
CITIGROUP INC., CHARLES O.             :
PRINCE, C. MICHAEL ARMSTRONG,          :
ALAIN J.P. BELDA, GEORGE DAVID,        :
KENNETH T. DERR, JOHN M. DEUTCH,       :
 ROBERTO HERNANDEZ RAMIREZ,            :
ANN DIBBLE JORDAN, KLAUS               :
KLEINFELD, ANDREW N. LIVERIS,          :
ANNE MULCAHY, RICHARD D.               :
PARSONS, JUDITH RODIN, ROBERT E.       :
RUBIN, ROBERT E. RUBIN, FRANKLIN       :
A. THOMAS, JOHN DOES 1-20 (BEING       :
CURRENT AND FORMER MEMBERS             :
OF THE PLANS ADMINISTRATIVE            :
COMMITTEE OF CITIGROUP INC.)           :
and JOHN DOES 21-40 (BEING             :
CURRENT AND FORMER MEMBERS             :
OF THE INVESTMENT COMMITTEE            :
OF THE CITIGROUP INC. 401(K) PLAN), :
                                               :
                Defendants.                    :
-------------------------------------------------x
```

```
-------------------------------------------------------x
STEPHAN FIORINO, individually and on      :
behalf of all others similarly situated,  :
                                          :
              Plaintiff,                  :        Civil Action No: 07 Civ. 10458 (UA)
v.                                        :
                                          :
CITIGROUP INC., CITIBANK N.A.,            :
CHARLES PRINCE, THE PLANS                 :
ADMINISTRATIVE COMMITTEE OF               :
CITIGROUP INC., THE 401(k)                :
INVESTMENT COMMITTEE, and                 :
JOHN DOES 1 - 20,                         :
                                          :
              Defendants.                 :
-------------------------------------------------------x
JAMES BOLLA, individually and on behalf : 
 of all others similarly situated,        :
                                          :
              Plaintiff,                  :        Civil Action No: 07 Civ. 10461 (UA)
v.                                        :
                                          :
CITIGROUP INC., CITIBANK N.A.,            :
CHARLES PRINCE, THE PLANS                 :
ADMINISTRATIVE COMMITTEE OF               :
CITIGROUP INC., THE 401(k)                :
INVESTMENT COMMITTEE, and                 :
JOHN DOES 1 - 20,                         :
                                          :
              Defendants.                 :
-------------------------------------------------------x
```

972721.1

```
-------------------------------------------------------x
MARK GEROULO, individually, on behalf :
of the CITIGROUP 401(k) Plan, the       :
CITIBUILDER 401 (K) PLAN FOR            :
PUERTO RICO, and all others similarly,  :
                                         :
                Plaintiff,               :        Civil Action No: 07 Civ. 10472 (UA)
v.                                       :
                                         :
CITIGROUP, INC., CITIBANK, N.A.,        :
THE PLAN ADMINISTRATIVE                  :
COMMITTEE OF CITIGROUP, INC.,           :
MICHAEL E. SCHLEIN, JOHN DOES           :
1-10, THE CITIGROUP 401(k) PLAN          :
INVESTMENT COMMITTEE and JOHN           :
DOES 10-20, C. MICHAEL                   :
ARMSTRONG, ALAN J.P. BELDA,             :
GEORGE DAVID, KENNETH T. DERR,          :
JOHN M. DEUTCH, ROBERTO                  :
HERNANDEZ, ANN DIBBLE JORDAN,           :
ANDREW N. LIVERIS, DUDLEY C.            :
MECUM, ANNE M. MULCAHY,                 :
RICHARD D. PARSONS, ANDRALL E.          :
PEARSON, CHARLES PRINCE, JUDITH         :
RODIN, ROBERT E. RUBIN, FRANKLIN        :
A. THOMAS, SANFORD I. WEILL,            :
                                         :
                Defendants.              :
-------------------------------------------------------x
```

972721.1

```
---------------------------------------------------x
ALAN STEVENS, on Behalf of Himself        :
and All Others Similarly Situated,         :
                                           :
              Plaintiff,                   :       Civil Action No: 07 Civ. 11156 (UA)
v.                                         :
                                           :
CITIGROUP INC., CITIBANK, N.A,             :
CHARLES PRINCE, C. MICHAEL                 :
ARMSTRONG, ALAIN J.P. BELDA,               :
GEORGE DAVID, KENNETH T. DERR,             :
JOHN M. DEUTCH, PETER JOHNSON,             :
ROBERTO HERNANDEZ RAMIREZ,                 :
ANDREW N. LIVERIS, ANNE                    :
MULCAHEY, RICHARD D. PARSONS,              :
JUDITH RODIN, ROBERT E. RUBIN,             :
ROBERT L. RYAN, FRANKLIN A.                :
THOMAS, THE PLANS                          :
ADMINISTRATION COMMITTEE OF                :
CITIGROUP, INC., THE INVESTMENT            :
COMMITTEE and JOHN DOES 1-30,              :
                                           :
              Defendants.                  :
---------------------------------------------------x
STEPHEN GOLDSTEIN, on Behalf of            :
Himself and a Class of Persons Similarly   :
Situated,                                  :
                                           :
              Plaintiff,                   :       Civil Action No: 07 Civ. 11158 (UA)
v.                                         :
                                           :
CITIGROUP INC., THE PLANS                  :
ADMINISTRATION COMMITTEE OF                :
CITIGROUP, INC., MICHAEL E.                :
SCHLEIN, CHARLES PRINCE, C.                :
MICHAEL ARMSTRONG, ALAIN J.P.              :
BELDA, GEORGE DAVID, KENNETH T. :
DERR, JOHN M. DEUTCH, ROBERTO              :
HERNANDEZ RAMIREZ, ANDREW N.               :
LIVERIS, ANNE MULCAHEY,                    :
RICHARD D. PARSONS, JUDITH                 :
RODIN, ROBERT E. RUBIN, ROBERT L. :
RYAN, AND FRANKLIN A. THOMAS,              :
And JOHN DOES 1-30,                        :
                                           :
              Defendants.                  :
```

```
-------------------------------------------------x
CHRIS SOUTHARD, on Behalf of All         :
Others Similarly Situated,               :
                                         :
                                         :
            Plaintiff,                   :        Civil Action No: 07 Civ. 11164 (UA)
v.                                       :
                                         :
                                         :
CITIGROUP INC., CHARLES O.               :
PRINCE, C. MICHAEL ARMSTRONG,            :
ALAIN J.P. BELDA, GEORGE DAVID,          :
KENNETH T. DERR, JOHN M. DEUTCH,         :
ROBERTO HERNANDEZ RAMIREZ,               :
ANN DIBBLE JORDAN, KLAUS                 :
KLEINFELD, ANDREW N. LIVERIS,            :
ANNE MULCAHY, RICHARD D.                 :
PARSONS, JUDITH RODIN, ROBERT E.         :
RUBIN, ROBERT E. RUBIN, FRANKLIN         :
A. THOMAS, JOHN DOES 1-20 (BEING         :
CURRENT AND FORMER MEMBERS               :
OF THE PLANS ADMINISTRATIVE              :
COMMITTEE OF CITIGROUP INC.)             :
and JOHN DOES 21-40 (BEING               :
CURRENT AND FORMER MEMBERS               :
OF THE INVESTMENT COMMITTEE              :
OF THE CITIGROUP INC. 401(K) PLAN), :
                                         :
            Defendants.                  :
-------------------------------------------------
```

**PLAINTIFFS SHAUN ROSE AND MARK GEROULO'S MEMORANDUM
IN SUPPORT OF MOTION FOR CONSOLISATION OF RELATED ACTIONS AND
APPOINTMENT OF INTERIM LEAD PLAINTIFFS, CO-LEAD COUNSEL AND
LIAISON COUNSEL AND IN OPPOSITION TO THE GRAY AND TADROS
PLAINTIFFS' MOTION FOR APPOINTMENT OF
LEAD PLAINTIFFS AND LEADERSHIP STRUCTURE,
AND  ENTRY OF [PROPOSED] PRETRIAL ORDER NO. 1**

Milo Silberstein (MS 4637)
**DEALY & SILBERSTEIN, LLP**
225 Broadway, Suite 1405
New York, NY 10007

*Counsel for Plaintiffs Rose and Geroulo*
*and Proposed Interim Liaison Counsel*

Joseph H. Meltzer
Edward W. Ciolko
Katherine B. Bornstein
**SCHIFFRIN BARROWAY**
**TOPAZ & KESSLER, LLP**
280 King of Prussia Road
Radnor, PA  19087

Robert A. Izard
William Bernarduci
Wayne T. Boulton
**SCHATZ NOBEL IZARD, P.C.**
20 Church St., 17th Floor
Hartford, CT 06103

*Counsel for Plaintiffs Rose and Geroulo*
*and Proposed Interim Co-Lead Counsel*

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................1

II.   ARGUMENT ........................................................................................3

      A.   The ERISA Actions Should Be Consolidated ...........................................3

      B.   Plaintiffs Rose and Geroulo Should Be Appointed Interim
           Lead Plaintiffs ..................................................................................4

      C.   SBTK and SNI Should Be Appointed Interim Co-Lead Counsel.............5

           1.   SBTK and SNI Have Superior Experience In This Type Of
                Litigation, And Have Better Depth Of Knowledge Regarding
                The Applicable Law...............................................................6

                a)   SBTK and SNI Have A Substantial Working Relationship
                     and Have Recovered Hundreds of Million of Dollars for
                     Plan Participants..........................................................7

                b)   Schiffrin Barroway Topaz & Kessler, LLP ......................9

                c)   Schatz Nobel Izard, P.C. ............................................13

                d)   Counsel For The Gray Plaintiffs Cannot Match The
                     Experience of SBTK and SNI.......................................15

                e)   Comparing the Rose Plaintiffs' Complaints to the Gray
                     Plaintiffs' Complaints Evinces the Superior Experience
                     of SNI and SBTK.......................................................17

                     (i)    The Cases Allege Different Misrepresentation
                            Claims ............................................................17

                     (ii)   The Cases Allege Different Plan Investments ....18

                     (iii)  The Cases Allege Different Parties....................18

                     (iv)   The Cases Allege Different Misconduct.............19

           2.   SBTK and SNI Have Done More Work Identifying Potential
                Claims ...............................................................................22

           3.   Counsel For the Rose Plaintiffs Have The Resources Necessary
                To Represent The Class .........................................................23

      D.   Interim Liaison Counsel........................................................................24

E.    The Court Should Reject The Gray Plaintiffs' Proposed Leadership Structure ............................................................................................24

    1.    "First To File" Is Not Relevant Under Rule 23(g)......................24

    2.    Claiming To Have The Support Of "The Majority Of The Actions Filed" Is Both Misleading And Irrelevant .....................25

III.    CONCLUSION.................................................................................................25

## TABLE OF AUTHORITIES

Page(s)

FEDERAL CASES

*In re ADC Telecomms., Inc. ERISA Litig.*,
    No. 03-CV-2989, 2004 WL 1683144 (D. Minn. July 26, 2004) ............................................11

*In re AOL Time Warner, Inc., Sec. & "ERISA" Litig.*,
    No. 02-CV-8853, 2005 WL 563166 (S.D.N.Y. Mar. 10, 2005) ...........................................11

*Bank of Montreal v. Eagle Assocs.*,
    117 F.R.D. 530 (S.D.N.Y. 1987) .......................................................................................3

*Beck v. Pace Int'l Union*,
    127 S. Ct. 2310 (June 11, 2007)........................................................................................18

*In re Cardinal Health, Inc. ERISA Litig.*,
    225 F.R.D. 552 (S.D. Ohio 2005) ....................................................................................14

*Coan v. Kaufman*,
    457 F.3d 250 (2d Cir. 2006)................................................................................................4

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
    284 F. Supp. 2d 511 (S.D. Tex. 2003) .........................................................................17, 18

*In re Ferro Corp. ERISA Litig.*,
    422 F. Supp. 2d 850 (N.D. Ohio 2006)..............................................................................18

*Gee v. UnumProvident Corp.*,
    No. 03-CV-0147, 2005 WL 534873 (E.D. Tenn. Jan. 13, 2005)...........................................11

*In re Global Crossing Sec. & ERISA Litig.*,
    225 F.R.D. 436 (S.D.N.Y. 2004) .......................................................................................11

*Hill v. BellSouth Corp.*,
    313 F. Supp. 2d 1361 (N.D. Ga. 2004) ..............................................................................11

*In re JDS Uniphase Corp. ERISA Litig.*,
    No. C 03-04743, 2005 WL 1662131 (N.D. Cal. July 14, 2005)............................................10

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990)...............................................................................................3

*In re: Merck & Co., Inc. Sec. Derivative & ERISA Litig.*,
    No. 05-CV-2369, 2006 WL 2050577 (D.N.J. July 11, 2006)................................................10

*Nowak v. Ford Motor Co.*,
    240 F.R.D. 355 (E.D. Mich. 2006) ................................................................ passim

*In re Polaroid ERISA Litig.*,
    362 F. Supp. 2d 461 (S.D.N.Y. 2005).................................................................11

*In re Sears, Roebuck & Co. ERISA Litig.*,
    No. 02-CV-8324, 2004 WL 407007 (N.D. Ill. March 3, 2004).............................11

*In re Sprint Corp. ERISA Litig.*,
    388 F. Supp. 2d 1207 (D. Kan. 2004) ................................................................18

*In re Syncor ERISA Litig.*,
    351 F. Supp. 2d 970 (C.D. Cal. 2004) ...............................................................11

*In re Terazosin Hydrochloride Antitrust Litig.*,
    220 F.R.D. 672 (S.D. Fla. 2004)...........................................................................6

*Woods v. Southern Co.*,
    396 F. Supp. 2d 1351 (N.D. Ga. 2005) ..............................................................10

*In re WorldCom, Inc. ERISA Litig.*,
    263 F. Supp. 2d 745 (S.D.N.Y. 2003).................................................................17

**STATE CASES**

*TCW Tech. Ltd. Pshp v. Intermedia Communs., Inc.*
    No. 18293, 2000 Del. Ch. LEXIS 147 (Oct. 17, 2000) .........................................24

**DOCKETED CASES**

*In re AIG ERISA Litigation*,
    Master File No. 04-cv-9387 (JES) (S.D.N.Y.) .....................................................15

*In re AOL ERISA Litig.*,
    02-CV-8853 .........................................................................................................11

*In re AOL Time Warner, Inc. Sec. & ERISA Litig.*,
    No. 02-CV-1500 (S.D.N.Y)..............................................................................7, 13

*In re Bausch & Lomb, Inc. ERISA Litig.*,
    No. 06-6297 (W.D.N.Y.) .....................................................................................13

*In re Beazer Homes USA, Inc. ERISA Litig.*,
    07-CV-00952-RWS (N.D. Ga. April 30, 2007).....................................................10

*In re Bristol-Myers Squibb Co. ERISA Litig.*,
    No. 02-CV-10129 (LAP) (S.D.N.Y)......................................................................11

*In re Calpine Corp. ERISA Litig.,*
    No. 03-CV-1685 (N.D. Cal.) ................................................................................10

*In re Cardinal Health, Inc. ERISA Litig.,*
    No. 04-CV-643 (S.D. Ohio) ................................................................................13

*In re CIGNA Corp. ERISA Litig.,*
    No. 03-CV-00714 (JPF) (E.D. Pa. Aug. 2, 2004) ................................................11

*In re: Citigroup Litigation,*
    No. 03-CV-2932 (S.D.N.Y. Nov. 15, 2006) ........................................................10

*In re Dell, Inc. ERISA Litig.,*
    No. 06-CV-758 (W.D. Tex.) ................................................................................14

*In re Diebold ERISA Litig.*
    No. 06-CV-0170 (N.D.Ohio) ..............................................................................14

*In re Electronic Data Systems Corp. ERISA Litig.,*
    No. 03-CV-1512 (E.D. Tex.) ..............................................................................14

*In re Enron Corporation Securities and ERISA Litig.,*
    No. 02-CV-13624 (S.D. Tex.) ............................................................................14

*Falk v. Amerada Hess Corp.,*
    No. 03-CV-2491 (D.N.J. May 10, 2004) ............................................................11

*Furstenau v. AT&T, et al.,*
    No. 02-CV-5409 (D.N.J.) ...................................................................................13

*Gee v. UnumProvident Corp.,*
    03-CV-1552 (E.D. Tenn.) ...................................................................................10

*In re Honeywell ERISA Litig.,*
    No. 03-CV-01214 (DRD) (July 19, 2005) ..........................................................12

*In re Honeywell Intern'l ERISA Litig.,*
    No. 03-CV-1214 (DRD) (D.N.J. 2004) .........................................................10, 11

*Koch v. Loral Space & Commc'ns Ltd.,*
    No. 03-CV-9729 (S.D.N.Y.) ...............................................................................10

*In re Lear ERISA Litig.,*
    No. 06-CV-11735 (E.D. Mich. 2006) .................................................................10

*In re Marsh ERISA Litig.,*
    No. 04-CV-8157 (S.D.N.Y.) ...............................................................................14

972721.1

*In re Merck & Co. Inc., Securities, Derivative & "ERISA" Litig.,*
No. 05-CV-2369 (D.N.J.) ..........................................................................13

*In re Merck Sec., ERISA and Deriv. Litig.,*
No. 05-CV-1157 (D.N.J. Apr. 18, 2005) ................................................14

*In re Mirant Corp. ERISA, et al.,*
No. 1:03-CV-1027-RWS (N.D. Ga. Nov. 16, 2006) ...............................9

*Pettit v. JDS Uniphase Corp. et al.,*
No. 03-CV-4743 (N.D. Cal.) .....................................................................7

*In re Raytheon ERISA Litigation,*
No. 03-CV-10940-RGS (D. Mass. 2003) ...............................................10

*In re Reliant Energy ERISA Litig.,*
No. 02-2051 (S.D. Tex.) ..........................................................................13

*In re Royal Dutch/Shell Transport Litigation,*
No. 04-CV-1398 (D.N.J.) .........................................................................16

*In re Schering-Plough Corp. ERISA Litig.,*
No. 03-CV-1204 (D.N.J.) .........................................................................10

*Spear v. Hartford Fin. Svcs Group. Inc.,*
No. 04-CV-1790 (D.Conn.) ......................................................................13

*In re Sprint Corp. ERISA Litig.,*
No. 03-CV-2202 (D. Kan.) ......................................................................13

*In re Tyco Intern'l, Ltd. Sec. Litig.,*
Case No. 02-CV-1335 (D.N.H. Dec. 20, 2002) .....................................14

*In re: Tyco International, Ltd.,*
No. 02-MD-1335-B (D.N.H. Nov. 2, 2007) ......................................12, 13

*In re Westar Energy Inc. ERISA Litig.,*
No. 03-CV-CV-4032 (D. Kan.) .............................................................9, 10

FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS

29 U.S.C. § 1103 ...............................................................................................19

29 U.S.C. §§ 1109 ................................................................................................1

29 U.S.C. § 1132 ............................................................................................1, 4

FED. R. CIV. P. 23.................................................................................... passim

FED. R. CIV. P. 42.............................................................................................................3

**OTHER AUTHORITIES**

*Manual for Complex Litigation* (4th ed. 2004) ..................................................2, 4, 5, 8

Plaintiffs Shaun Rose and Mark Geroulo ("Rose Plaintiffs" or "Plaintiffs"), by their undersigned counsel, respectfully submit this Memorandum of Law in Support of their Motion for Consolidation of Related Actions and Appointment of Interim Lead Plaintiffs, Co-Lead Counsel and Liaison Counsel and in Opposition to the Gray and Tadros Plaintiffs' Motion For Appointment of Lead Plaintiffs and Leadership Structure and Entry of [Proposed] Pretrial Order No. 1. Plaintiffs respectfully request that the Court appoint Shaun Rose and Mark Geroulo as Interim Lead Plaintiffs, Schiffrin Barroway Topaz & Kessler, LLP ("SBTK") and Schatz Nobel Izard ("SNI") as Interim Co-Lead Counsel and Dealy & Silberstein, LLP ("DS") as Interim Liaison Counsel in the Citigroup ERISA actions.

## I.    INTRODUCTION

Plaintiffs in the above-captioned actions each filed a complaint in this District against Citigroup, Inc. ("Citigroup" or the "Company") and certain Citigroup employees (collectively, "Defendants") alleging that Defendants breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") in connection with offering the Citigroup Common Stock Fund as an investment option in the Citigroup Corporation 401(k) Plan and the Citibuilder 401(k) Plan for Puerto Rico (the "Plans"). Specifically, plaintiffs allege that the Defendant-fiduciaries knew or should have known that the Fund was an imprudent investment as a result of Citigroup's massive risks and liabilities arising out of its mortgage lending businesses. All plaintiffs seek relief pursuant to §§ 409 and 502 of ERISA, 29 U.S.C. §§ 1109, 1132, on behalf of the Plans and all participants in or beneficiaries of the Plans who sustained losses to their retirement accounts.

Because the ERISA Actions are based on substantially the same facts and contain similar causes of action against overlapping Defendants, the Rose Plaintiffs seek an Order consolidating

the ERISA actions and appointing a leadership structure for the consolidated ERISA cases in accordance with FED. R. CIV. P. 23(g) and the *Manual for Complex Litigation* (4th ed. 2004) (the "*Manual*").[1]

On or about November 26, 2007, Plaintiffs Stephen Gray and Samier Tadros (the "Gray Plaintiffs") moved to consolidate the ERISA actions, and appoint Wolf Popper LLP and Harwood Feffer LLP as Interim Co-Lead Counsel for the class. Thus, the Court is presented with competing motions for the appointment of interim lead plaintiffs and interim lead counsel. In such an instance, the Federal Rules of Civil Procedure provide that "[i]f more than one applicant seeks appointment as class counsel, the court must appoint the applicant *best able* to represent the interests of the class." FED. R. CIV. P. 23(g)(B) (emphasis added). With all due respect to counsel proposed by the Gray Plaintiffs, when the competing applications are evaluated in light of the factors set forth in FED. R. CIV. P. 23(g), SBTK and SNI are best suited to represent the Plans and the putative Class in these ERISA Actions.

As detailed below, SBTK and SNI have by far the most experience prosecuting analogous ERISA class actions and have achieved unparalleled results for class members. The firms' track record of success - both when working together and separately - is discussed below and set forth in greater detail in the respective firm resumes which are attached hereto for the Court's review. The leadership structure proposed by the Rose Plaintiffs is unquestionably in the

---

[1] Plaintiffs submit for the Court's approval a proposed form of Pretrial Order No. 1, which provides for (i) the consolidation of the ERISA Actions; (ii) the appointment of Interim Lead Plaintiffs; (iii) the appointment of Interim Co-Lead and Liaison Counsel; and (iv) otherwise provides for the elimination of wasteful and duplicative litigation. Proposed Pretrial Order No. 1 anticipates the parties' agreement on most elements of the orderly procedure of this action, including consolidation. The proposed Order will not only promote the efficient conduct of this action, but is also consistent with the recommendations of the *Manual* and the requirements of FED. R. CIV. P. 23(g).

best interest of the Plans' participants as it will ensure that the participants obtain the best possible representation in this important, highly complex case.

## II.    ARGUMENT

### A.    The ERISA Actions Should Be Consolidated

Pretrial Order No. 1 provides for the consolidation of the above-captioned actions for all pretrial and trial purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 42(a) provides that where actions involving a common question of law or fact are pending before a court, the court may order a joint hearing or trial of any or all matters at issue in the actions, order all the actions consolidated, and make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. *See* FED. R. CIV. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Consolidation of these actions is appropriate since the actions involve common questions of fact and law, are substantially similar in terms of their underlying factual and legal claims, and are all at the earliest stage of litigation (*i.e.*, no responsive pleadings have been filed). Moreover, consolidation would save significant time and effort. Consolidation under FED. R. CIV. P. 42(a) will therefore serve the interests of justice, as well as the interests of the parties, counsel, and relevant third-parties, by ensuring the speedy, efficient, and just resolution of these actions. *See* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2382, at 427-29 (2d ed. 1995). *See also Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987) ("Considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event.").

In addition to consolidating the ERISA Actions and appointing Interim Co-Lead and Liaison Counsel, proposed Pretrial Order No. 1 provides for a uniform caption, a master docket,

and orderly filing procedures. Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this. *See Manual* § 21.11. Accordingly, the Rose Plaintiffs respectfully request that this Court order the consolidation of these actions and any subsequently-filed actions raising similar allegations, as described in Pretrial Order No. 1.

### B.    Plaintiffs Rose and Geroulo Should Be Appointed Interim Lead Plaintiffs

Plaintiffs Rose and Geroulo seek to represent the interests of all of the participants and beneficiaries of the Plans who suffered similar losses as is required in an action on behalf of the Plans under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2). *See e.g., Coan v. Kaufman*, 457 F.3d 250, 261 (2d Cir. 2006). Plaintiffs Rose and Geroulo are well qualified for this fundamentally important role because (i) their Plan accounts suffered losses as a result of the Defendant-fiduciaries' breaches of their ERISA-mandated duties and (ii) they have demonstrated a strong commitment to serve the best interests of the other putative class members.

Plaintiffs Rose and Geroulo have stepped forward as proposed Class representatives to seek relief on behalf of the Plans for the significant losses alleged in this case and their interests are directly aligned with the other members of the Class in that they seek to restore to the Plans losses caused by Defendants' breaches of fiduciary duty. Further, both Plaintiffs already have demonstrated their commitment to serve as Interim Lead Plaintiffs for the proposed Class by providing relevant information to proposed Interim Co-Lead Counsel and expressing a willingness to work closely with counsel to continue the prosecution of their cases on behalf of the Plans and the proposed Class. Moreover, and importantly, they have retained experienced counsel with unparalleled experience in this type of litigation to prosecute this action. For these

reasons, Plaintiffs Rose and Geroulo respectfully request that they be appointed Interim Lead Plaintiffs in this case.

### C.     SBTK and SNI Should Be Appointed Interim Co-Lead Counsel

Pretrial Order No. 1 implements the procedures suggested by *Manual* for complex, multi-party cases such as this by designating Interim Co-Lead Counsel for all plaintiffs. *See Manual* § 20.22.  The Rose Plaintiffs respectfully submit that such designation will promote the orderly progress of this litigation and ensure that Plaintiffs are able to prosecute this litigation in an efficient and coordinated fashion.  As stated in the *Manual*, in determining lead counsel, courts should "conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *See Manual*, § 10.22. The most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* at § 10.221.

Federal Rule of Civil Procedure 23(g)(2) provides the procedure for appointing interim counsel for the putative class prior to class certification.  "The court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(2)(A).

In appointing class counsel, the court must consider the following four factors:

(1)     the work counsel has done in identifying or investigating potential claims in the action,

(2)     counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

(3)     counsel's knowledge of the applicable law, and

(4)     the resources counsel will commit to representing the class.

FED. R. CIV. P. 23(g)(1)(C)(i).  "If more than one adequate applicant seeks appointment as class

counsel, the court must appoint the applicant best able to represent the interests of the class."

FED. R. CIV. P. 23(g)(2)(B).

      Plaintiffs propose the following counsel structure:

         As Interim Co-Lead Counsel for the Class:

         **Schiffrin Barroway Topaz & Kessler, LLP**
         280 King of Prussia Road
         Radnor, PA 19087
         Telephone: (610) 667-7706

         **Schatz Nobel Izard, P.C.**
         20 Church St., 17th Floor
         Hartford, CT 06103
         Telephone: (860) 493-6292

         As Interim Liaison Counsel for the Class:

         **Dealy & Silberstein, LLP**
         225 Broadway, Suite 1405
         New York, NY 10007
         Telephone: (212) 385-0066

      The Rose Plaintiffs respectfully submit that under the relevant factors set forth in FED. R.

CIV. P. 23(g), SBTK and SNI should be appointed Interim Co-Lead Counsel.

      **1.**     **SBTK And SNI Have Superior Experience In This Type Of
            Litigation, And Have Better Depth Of Knowledge Regarding The
            Applicable Law**

      Importantly, the most persuasive factor in choosing interim lead class counsel is the

experience of proposed counsel in the relevant area of law.  *See, e.g., Nowak v. Ford Motor Co.,*

240 F.R.D. 355, 361 (E.D. Mich. 2006) (appointing SBTK as co-lead counsel), *citing In re*

*Terazosin Hydrochloride Antitrust Litig.,* 220 F.R.D. 672, 702 (S.D. Fla. 2004) (finding the

proposed counsel's "experience in, and knowledge of, the applicable law in this field" the "most

persuasive" factor when choosing lead counsel).  None of the other counsel seeking a leadership

position in this case can match the relevant experience of, or results achieved by, SBTK and SNI.

a)     **SBTK & SNI Have A Substantial Working Relationship and Have Recovered Hundreds of Million of Dollars for Plan Participants**

SBTK and SNI have worked together in a number of closely analogous ERISA class action cases including *In re AOL ERISA Litig.*, No. 02-8853 (S.D.N.Y.); *In re Merck & Co. Inc., Sec., Derivative & "ERISA" Litig.*, MDL-1658, 05-CV-2369 (D.N.J.); and *Pettit v. JDS Uniphase Corp. et al.*, No. 03-4743 (N.D. Cal.). The firms have each recovered hundreds of millions of dollars on behalf of plan participants and have obtained favorable decisions addressing many of the same claims at issue here. In cases where SBTK and SNI have served together as co-lead counsel, the firms' collaborative efforts have resulted in a strong, efficient, and productive working relationship which will benefit the Plans and the putative Class in this case.

For example, SBTK and SNI were recently recognized for vigorously championing the rights of class members to help recover a substantially greater than expected monetary award in the AOL Time Warner ERISA case. In that case, the Independent Fiduciary retained to review the $100 million settlement on behalf of the AOL Time Warner retirement plans noted that the recovery was "one of the largest ERISA employer stock class action settlements in history." *See In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. 02-CV-1500 (S.D.N.Y), Report of the Independent Fiduciary for the Proposed Settlement in the *AOL Time Warner ERISA Litigation*, dated June 29, 2006, at 11.[2]

In addition, the Special Master reviewing an application for attorneys' fees found that obtaining the additional $30 million for the class stands out as "some of the hardest work and most outstanding results" obtained by SBTK and SNI. *In re AOL Time Warner, Inc. Sec. and*

---

[2] Attached as Exhibit A to the Declaration of Joseph H. Meltzer ("Meltzer Decl.").

*ERISA Litig.*, No. 02-CV-1500 (S.D.N.Y), Report & Recommendation of Special Master dated August 7, 2007 at 7 (attached as Exhibit A to the Declaration of Robert A. Izard ("Izard Decl.")), approved by the Court by Memorandum Opinion dated October 26, 2007 (attached as Exhibit B to Izard Decl.).    As the Special Master expressly noted, in negotiating this extraordinary settlement, SBTK and SNI "stretched the defendants' settlement tolerances beyond their limits." *Id.*

Moreover, the Court found that SNI and SBTK worked with great efficiency. After conducting a "moderately detailed examination of counsels' actual time records," the Special Master lauded the efficiency with which counsel litigated such a large case (which inherently tends to produce inefficiencies).    *Id.* at 26, 43.    Accordingly, SNI and SBTK have already demonstrated that they can achieve "efficiency and economy," *Manual* at § 10.221, and simultaneously achieve superior results.

As demonstrated by the exceptional result in the AOL Time Warner ERISA case, SBTK and SNI have the necessary experience for this unique type of ERISA litigation.    Individually and collectively, they have:

- Pioneered and obtained ground-breaking opinions in the area of ERISA class action company stock cases, both at the federal district court and federal appellate court level;

- Served as lead or co-lead counsel in the leading ERISA 401(k) plan company stock litigations and currently serve as lead or co-lead in the leading ERISA company stock cases pending nationwide;

- Litigated every stage of this type of ERISA case, from early motions to dismiss through discovery (both fact and expert) and motions for summary judgment to final settlements;

- Exhaustively briefed and argued many of the very issues that will likely arise in this litigation ranging from motions to dismiss to class certification to discovery disputes to motions for summary judgment; and

- Worked extensively with the Department of Labor and numerous Independent Fiduciaries.

972721.1                                                                8

This experience is the result of several years of dedication of SBTK and SNI to this area of law. The experience and expertise of each individual firm is described more fully below.

      **b)**      **Schiffrin Barroway Topaz & Kessler, LLP**

SBTK specializes in complex class action litigation, representing investors, employees and consumers in class actions pending in state and federal courts throughout the United States. During its successful history, the firm has recovered billions of dollars for class members. SBTK, one of the largest class action firms in the country, has developed a nationwide reputation for excellence and is able to manage all aspects of complex class action litigation with particular expertise in ERISA, consumer and securities litigation.[3]  Comprised of 57 attorneys and a support staff consisting of about 100 paralegals, secretaries, file clerks, investigators, CPAs and administrative personnel, SBTK has the financial resources and manpower necessary to litigate any case.

As noted recently by one District Court which appointed SBTK as co-lead counsel after considering competing lead counsel applications, SBTK "has extensive experience litigating ERISA breach of fiduciary class actions." *Nowak v. Ford Motor Co.,* 240 F.R.D. 355, 362 (E.D. Mich. 2006).  Indeed, the firm's ERISA litigation department is one of the foremost in the country, as recognized by the Honorable Julie A. Robinson at the final fairness hearing in *In re Westar Energ. ERISA Litig.,* No. 03-CV-4032-JAR, at 33 (D. Kan. July 27, 2006) ("Class counsel [SBTK] is experienced, nationally recognized in this field, and had the requisite skill necessary to perform the legal services required in cases as complex as this.").[4]  The Honorable Richard W. Story, United States District Judge, in *In re Mirant Corp. ERISA, et al.,* No. 1:03-cv-

---

[3]  *See also* firm resume of SBTK, attached to the Meltzer Decl. as Exhibit B.

[4]  Attached hereto as Exhibit C to the Meltzer Decl.

9

1027-RWS (N.D. Ga. Nov. 16, 2006), reached the same conclusion. ("Class Counsel . . . are obviously eminently qualified to bring and pursue this litigation.").[5]

In addition to the cases cited above, courts across the country, acknowledging the firm's history and track record of impressive results, have not hesitated to appoint SBTK as Lead or Co-Lead Counsel in ERISA breach of fiduciary class actions, directly analogous to the instant matter.[6]

In the course of prosecuting ERISA class actions such as this as lead or co-lead counsel, SBTK has prepared numerous consolidated pleadings, responded to motions to dismiss, propounded discovery requests and reviewed hundreds of thousands of pages of plan-related documents and related documentation, and litigated cases through the summary judgment phase. Indeed, the firm's litigation efforts have resulted in favorable court opinions in a number of ERISA decisions denying defendants' motions to dismiss or for summary judgment.[7]

---

[5]   Attached hereto as Exhibit D to the Meltzer Decl.  Likewise, the Honorable Laura Taylor Swain commended SBTK in its representation of a similar class in an analogous action against Citigroup, finding that "the parties and their attorneys were creative in approaching the legal issues presented and the challenge of coming up with meaningful and constructive relief for plan members. . . ."  Transcript of Final Fairness Hearing, *In re: Citigroup Litigation*, No. 03-CV-2932, at 7 (S.D.N.Y. Nov. 15, 2006), attached to the Melter Decl. as Exhibit E.

[6]   *See, e.g., In re Beazer Homes USA, Inc. ERISA Litig.*, 07-CV-00952-RWS (N.D. Ga. April 30, 2007); *Nowak* 240 F.R.D. at 355,[6] *In re Lear ERISA Litig.*, No. 06-CV-11735 (E.D. Mich. 2006); *In re Raytheon ERISA Litigation*, C.A. No. 03-10940-RGS (D. Mass. 2003); *Gee v. UnumProvident Corp.*, 03-1552 (E.D. Tenn.); *In re Westar Energy Inc. ERISA Litig.*, 03-CV-4032 (D. Kan.); *Koch v. Loral Space & Commc'ns Ltd.*, 03-CV-9729 (S.D.N.Y.); *In re Honeywell ERISA Litig.*, No. 03-CV-1214 (D.N.J.); *Wilson v. Federal Home Loan Mortgage Corp.*, MDL Docket No. 1584, No. 04-CV-2632 (JES) (S.D.N.Y.); *In re Schering-Plough Corp. ERISA Litig.*, No. 03-CV-1204 (D.N.J.); and *In re Calpine Corp. ERISA Litig.*, No. 03-CV-1685 (N.D. Cal.).  Notably, the foregoing represent a subset of the ERISA class actions prosecuted by SBTK.

[7]   Cases include: *In re Lear ERISA Litig.*, No. 06-CV-11735 (S.D. Mich.); *Woods v. Southern Co.*, 396 F. Supp. 2d 1351 (N.D. Ga. 2005); *In re: Merck & Co., Inc. Sec. Derivative & ERISA Litig.*, No. 05-CV-2369, 2006 WL 2050577 (D.N.J. July 11, 2006);  *In re JDS Uniphase Corp. ERISA Litig.*, No. C 03-04743, 2005 WL 1662131 (N.D. Cal. July 14, 2005); *Gee v. UnumProvident Corp.*, No. 03-CV-0147, 2005 WL 534873 (E.D. Tenn. Jan. 13, 2005); *In re*

As a result of its extensive ERISA litigation experience, the firm "has also successfully engaged in extensive, intricate and successful settlement negotiations involving [complex] ERISA claims,"[8] including court-ordered mediations, and has recovered hundreds of millions of dollars for its clients and class members. These negotiations and mediations have resulted in several large recoveries for affected classes. *See In re AOL ERISA Litig.*, 02-CV-8853 (as Co-Lead Counsel, SBTK helped obtain a $100 million settlement); *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004) (as Co-Lead Counsel, SBTK helped obtain settlement providing injunctive relief and $78 million payment for plan losses); *In re Bristol-Myers Squibb Co. ERISA Litig.*, No. 02-CV-10129 (LAP) (S.D.N.Y) (as Co-Lead Counsel, achieved a cash recovery of $41.22 million and significant structural relief regarding how the 401(k) plans at issue are administered valued at up to $52 million); *In re Honeywell Intern'l ERISA Litig.*, No. 03-CV-1214 (DRD) (D.N.J. 2004) (as Lead Counsel, achieved a $14 million recovery to a defined contribution plan and its participants, as well as significant structural relief regarding the plan's administration and investment of its assets).[9]

---

*Honeywell Intern. ERISA Litig.*, No. 03-CV-1214, 2004 WL 3245931 (D.N.J. Sept. 14, 2004); *In re ADC Telecomms., Inc. ERISA Litig.*, No. 03-CV-2989, 2004 WL 1683144 (D. Minn. July 26, 2004); *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02-CV-8324, 2004 WL 407007 (N.D. Ill. March 3, 2004); *Falk v. Amerada Hess Corp.*, No. 03-CV-2491 (D.N.J. May 10, 2004); *In re Syncor ERISA Litig.*, 351 F. Supp. 2d 970 (C.D. Cal. 2004); *In re CIGNA Corp. ERISA Litig.*, No. 03-CV-00714 (JPF) (E.D. Pa. Aug. 2, 2004); *In re AOL Time Warner, Inc., Sec. & "ERISA" Litig.*, No. 02-CV-8853, 2005 WL 563166 (S.D.N.Y. Mar. 10, 2005); *Hill v. BellSouth Corp.*, 313 F. Supp. 2d 1361 (N.D. Ga. 2004); *Wilson v. Federal Home Loan Mortgage Corp.*, MDL Docket No. 1584, No. 04-CV-2632 (JES) (S.D.N.Y. Feb. 7, 2005); *In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. 2005).

[8] *Nowak*, 240 F.R.D. 355, 362 (collecting cases).

[9] In approving the *In re Honeywell* settlement, the Honorable Dickinson R. Debevoise stated the following with regard to SBTK's representation of the ERISA class:

> Plaintiffs' counsel undoubtedly possess great skill and experience in this kind of case and have exhibited that experience during the course of these proceedings.

The ERISA litigation department is headed by Joseph Meltzer, a partner at SBTK. Mr. Meltzer concentrates his practice in the areas of ERISA litigation and has helped obtain several multi-million dollar settlements on behalf of class members, including the SBTK class settlements listed above. Mr. Meltzer represents employees in each of the numerous ERISA breach of fiduciary duty actions listed above for SBTK. Mr. Meltzer is a member of the American Bar Association and is actively involved in the ABA's Section Committee on Employee Benefits and is an invited lecturer on ERISA class action litigation.

Recently, SBTK was commended for its efforts in representing a class of plaintiffs and achieving a $3.2 billion settlement in a "case of unprecedented difficulty and complexity." *See* Transcript of Fairness Hearing Before the Honorable Paul J. Barbadoro, *In re: Tyco International, Ltd.*, No. C.02-MD-1335-B, at 82 (D.N.H. Nov. 2, 2007).[10] Judge Barbadoro noted:

> I am completely satisfied that the amount of this settlement is an outstanding result for this class. I have no question about it, that it's an outstanding amount for the class. This is real money, a significant percentage of what might be recovered. There were and are real risks to the class in this case . . . . So by any measure, this is an outstanding result for the class."

*  *  *

> ERISA class actions are a relatively new phenomenon, presenting complex issues as the courts deal with the complicated ERISA statute. Faced with this statute, counsel had to engage in extensive factual explorations and address legal problems both in the context of class certification and during the course of the motion to dismiss.

Final Fairness Hearing Transcript, *In re Honeywell ERISA Litig.*, No. 03-CV-01214 (DRD) (July 19, 2005), p. 40 (attached hereto as Exhibit F to the Meltzer Decl.).

[10] Portions of the lengthy transcript are attached to the Meltzer Decl. as Exhibit G.

*Id.* at 49, *see also Id.* at 134 ("But I also want to say there's no doubt in my mind about the quality of the legal work that the plaintiffs have done here. It has been of extraordinarily high quality. . . .").

> c)    **Schatz Nobel Izard, P.C.**

SNI has substantial experience with class actions and, in particular, ERISA 401(k) plan litigation. The firm has an extremely successful track record, including recoveries of $100 million (*In re AOL Time Warner, Inc. Sec. and ERISA Litig.*, MDL Docket No. 1500 (SWK) (S.D.N.Y)), $40 million (*In re Cardinal Health, Inc. ERISA Litig.*, No. 04-643 (S.D. Ohio)) and $29 million (*Furstenau v. AT&T, et al.*, No. 02-5409 (D.N.J.)). The firm serves or has served as lead or co-lead counsel in numerous significant ERISA 401(k) plan breach of fiduciary duty cases, including the following:

- *In re Tyco International, Ltd., Securities Litig.*, No. 02-1335-B (D. N.H.);

- *In re AOL Time Warner, Inc. Securities and ERISA Litig.*, No. 02-1500 (S.D.N.Y);

- *In re Merck & Co. Inc., Securities, Derivative & "ERISA" Litig.*, 05-2369 (D.N.J.);[11]

- *Furstenau v. AT&T, et al.*, No. 02-5409 (D.N.J.);

- *In re Sprint Corp. ERISA Litig.*, No. 03-2202 (D. Kan.);

- *In re Reliant Energy ERISA Litig.*, No. 02-2051 (S.D. Tex.);

- *In re AEP ERISA Litig.*, No. 03-67 (S.D. Ohio);

- *In re JDS Uniphase Corp. ERISA Litig.*, No. 03-4743 (N.D. Cal.);

- *In re Cardinal Health, Inc. ERISA Litig.*, No. 04-643 (S.D.Ohio);

- *Spear v. Hartford Fin. Svcs Group. Inc.*, No. 04-1790 (D.Conn.);

- *In re Bausch & Lomb, Inc. ERISA Litig.*, No. 06-6297 (W.D.N.Y.);

---

[11]    The firm is Chair of the Lead Counsel Committee.

- *In re Diebold ERISA Litig.* No. 06-0170 (N.D.Ohio); and

- *In re Dell, Inc. ERISA Litig.*, No. 06-758 (W.D. Tex.).

SNI is on the Executive Committees in the following cases:

- *In re Enron Corporation Securities and ERISA Litig.*, No. 02-13624 (S.D. Tex.);

- *In re Electronic Data Systems Corp. ERISA Litig.*, No. 03-1512 (E.D. Tex.); and

- *In re Marsh ERISA Litig.*, No. 04-8157 (S.D.N.Y.).

In ruling on vigorously contested motions for appointment of interim lead counsel, other Courts have recognized SNI's superior expertise in ERISA class actions. The *Merck* court stated, "What is clear is that Schatz & Nobel [now Schatz Nobel Izard] does have substantial experience in this area and much more experience than other contenders." *In re Merck Sec., ERISA and Deriv. Litig.*, No. 05-1157 (D.N.J. Apr. 18, 2005) at 24 (attached as Exhibit C to the Izard Decl.). Similarly, the *Tyco* court found that SNI and its co-counsel "have the necessary resources, skill and commitment to effectively represent the proposed class" and "extensive experience in both leading class actions and prosecuting ERISA claims." *In re Tyco Intern'l, Ltd. Sec. Litig.*, Case No. 02-1335 (D.N.H. Dec. 20, 2002) at 2 (attached as Exhibit D to the Izard Decl.). In *Cardinal*, the court also noted SNI's "extensive experience in ERISA litigation," the "high level of ERISA expertise" and "several well-argued briefs . . . on a range of issues." *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 555 (S.D. Ohio 2005).

In addition to the Court in *AOL*, other courts have recognized the superior results obtained by SNI as a result of its experience. For example, in approving the Sprint ERISA settlement, Judge John Lungstrum found, "The high quality of [Schatz Nobel Izard's] work culminated in the successful resolution of this complex case" and that "the results obtained by virtue of the settlement are extraordinary. . . ." *In re Sprint Corp. ERISA Litig.*, No. 03-2202 (D. Kan.) (Aug. 3, 2006) at 33, 35 (attached as Exhibit E to the Izard Decl.)

SNI's ERISA team is led by Robert A. Izard, Jr. Mr. Izard is the former chair of the Commercial and Business Litigation Committee of the Litigation Section of the American Bar Association. He received his B.A. from Yale University and his J.D., with honors, from Emory University, where he was elected to the Order of the Coif and was an editor of the Emory Law Journal. Mr. Izard has substantial jury and nonjury trial experience, including a seven-month jury trial in federal district court. He is experienced in various forms of alternative dispute resolution, including mediation and arbitration, and is a Distinguished Neutral for the CPR Institute for Dispute Resolution. Mr. Izard is the author of *Lawyers and Lawsuits: A Guide to Litigation* published by Simon and Schuster.[12]

### d)  Counsel For The Gray Plaintiffs Cannot Match the Experience of SBTK and SNI

The Gray Plaintiffs propose that the Court appoint Wolf Popper LLP ("Wolf Popper") and Harwood Feffer LLP ("Harwood") to represent all Plaintiffs in the ERISA Action. While these are undoubtedly fine firms, they simply lack the ERISA experience of SNI and SBTK. For example, Wolf Popper articulates says it is co-lead counsel in only one ERISA class action, *In re AIG ERISA Litigation*, Master File No. 04-cv-9387 (JES) (AJP) (S.D.N.Y.). *See* Affidavit of Marian P. Rosner at 2. Even that is an overstatement.

In *AIG*, the Court specifically elected <u>not</u> to appoint Wolf Popper interim co-lead counsel. At a June 29, 2005 hearing, Judge Sprizzo denied motions to appoint interim co-lead counsel and instead established a "provisional committee" of four plaintiff firms to share

---

[12]  Schatz Nobel Izard's firm resume is attached as Exhibit F to the Izard Decl..

responsibility for drafting an amended complaint and responding to a motion to dismiss.[13] The

Court decided not to appoint lead counsel until it ruled on class certification:

> At some point I will have to rule upon a motion for class action certification, at that time I will decide basically what lawyers should represent the lead class action plaintiff. Once I determine that, we'll have a lead counsel.

AIG Trans. at 6. The AIG case management order reflects this decision:

> The law firms of Wolf Popper LLP, Squitieri & Fearon, LLP, Wechsler Harwood LLP, and Keller Rohrback L.L.P. shall constitute a provisional committee (the "Provisional Committee"), on behalf of all Plaintiffs' Counsel, and shall share responsibility among all Plaintiffs' Counsel in the Consolidated Actions, including the drafting and filing of a Consolidated Amended Class Action Complaint, the briefing of any motion to dismiss, and the class certification motion, and any matters pertaining thereto. This committee shall serve until the appointment of co-lead counsel after determination of the class certification motion.

*In re AIG ERISA Litigation*, Master File No. 04-cv-9387 (JES) (AJP) (SDNY Aug. 3, 2005),

attached to the Izard Decl. at Exhibit I, at p. 6. Thus, Wolf Popper does not appear to be lead or

co-lead counsel in <u>any</u> ERISA case. Wolf Popper's only other ERISA experience appears to be

that it worked on a brief in the *AON* ERISA litigation, a case in which Wolf Popper is not lead

counsel. *See* Affidavit of Marian P. Rosner, Exhibit C at 8.

Harwood identifies only one ERISA case in which it served as co-lead counsel, *In re*

*Royal Dutch/Shell Transport Litigation,* No. 04-1398 (D.N.J.). *See* Declaration of Robert I.

Harwood at 1. This case was settled prior to a ruling on a motion to dismiss. While Harwood

states that it "has served or currently serves as lead or co-lead counsel in dozens of ERISA class

actions and has recovered substantial sums in these matters…," not one of these dozens of other

---

[13] Transcript of the June 29, 2006 hearing in *In re AIG ERISA Litigation*, Master File No. 04-cv-9387 (JES) (AJP) (SDNY attached to the Izard Decl. at Exhibit I ("AIG Trans."), 6-8, 11-16.

cases is mentioned anywhere in Harwood's moving papers or biographical materials. At least according to Harwood, this other ERISA experience does not appear significant.

Accordingly, SNI and SBTK are substantially more experienced in leading this type of complex ERISA action than the counsel proposed by the Gray plaintiffs.

e)    **Comparing the Rose Plaintiffs' Complaints to the Gray Plaintiffs' Complaints Evinces the Superior Experience of SNI and SBTK**

Many of the allegations in the complaints filed by the Gray plaintiffs track, virtually verbatim, the allegations of the *Rose* and *Geroulo* Complaints. However, there are key differences among the complaints which should be recognized and which reflect the fact that there are critical nuances in every ERISA case which should be considered by experienced ERISA counsel.

(i)    **The Cases Allege Different Misrepresentation Claims**

To be actionable under ERISA, misrepresentations must be made in a fiduciary capacity. Representations made in a general corporate capacity, such as SEC filings, are generally not governed by ERISA. However, as both Rose and Geroulo allege, SEC filings are actionable under ERISA if they are incorporated by reference into Plan documents and, therefore, become fiduciary communications. Rose Complaint, ¶ 70; Geroulo Complaint, ¶ ¶ 44, 50.[14]    The complaints filed by the Gray Plaintiffs' proposed lead counsel do not contain these critical ERISA based allegations, or any other allegations that any alleged misrepresentations were made in anything other than a corporate capacity.

---

[14] *See, e.g., In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 555-67, 657-62 (S.D. Tex. 2003); *In re WorldCom, Inc. ERISA Litig.*, 263 F. Supp. 2d 745, 766 (S.D.N.Y. 2003).

### (ii)    The Cases Allege Different Plan Investments

Geroulo and Rose allege that the Plans imprudently invested in the Citigroup Common Stock Fund and that the Fund imprudently invested in Citigroup common stock. Geroulo Complaint, ¶ ¶ 1,5, 24-25; Rose Complaint, ¶ 3.[15] Most 401(k) plans invest in company stock funds that contain both cash and company stock rather than directly in shares of company stock because participants typically invest a percentage of payroll or plan assets in mutual funds or other plan investment options rather than buy identifiable numbers of shares. The distinction between investing in a company stock fund rather than company stock can be important because ERISA recognizes a separate claim for imprudent investment of company stock fund assets.[16] The Gray Plaintiffs' complaints allege that the Plans invested directly in Citigroup common stock, which is not accurate and misses this important aspect of an ERISA claim.

### (iii)    The Cases Allege Different Parties

As demonstrated by public filings with the Department of Labor and the Securities and Exchange Commission, Citigroup was the Plan Sponsor of the Citigroup Plan and Citibank was the Sponsor of the Citibuilder Plan. Rose Complaint, ¶ 17.[17]

---

[15] According to the Citigroup Plan Summary Plan Description ("SPD"), the Citigroup Common Stock Fund invests in both Citigroup common stock and cash for liquidity purposes (Attached as Exhibit G to the Izard Decl.). *See, e.g.*, Geroulo Complaint, ¶¶ 19, 24-25.

[16] *See, e.g., In re Ferro Corp. ERISA Litig.*, 422 F. Supp. 2d 850, 859 (N.D. Ohio 2006); *In re Sprint Corp. ERISA Litig.*, 388 F. Supp. 2d 1207, 1220 (D. Kan. 2004); *In re Enron Corp. Secs., Derivative & ERISA Litig.*, 284 F. Supp. 2d at 668.

[17] Both Geroulo and Rose allege that Citigroup is a fiduciary because of specific conduct unrelated to its status as the Plans' Sponsor. Geroulo Complaint, ¶ ¶ 33-34; Rose Complaint, ¶ ¶ 17-20. While it is certainly appropriate to allege the identity of the Plan sponsor, it is not required in that a plan sponsor is not a fiduciary as a result of its status but rather only if it engages in fiduciary conduct, See, e.g., *Beck v. Pace Int'l Union*, 127 S. Ct. 2310, 2316 (June 11, 2007). For this reason, Geroulo does not make this allegation. Additionally, Geroulo alleges that Citibank is a fiduciary even though it is a directed trustee. If Citigroup is not proved to be a fiduciary as a result of its conduct, Geroulo alleges claims against the only viable corporate Defendant.

Geroulo alleges that the Administrative and Investment Committees are fiduciaries because they directed Citibank in its capacity as directed trustee. *Id.* at ¶ 37. See, 29 U.S.C. § 1103(a)(1). The Rose Complaint is similarly detailed and the result of extensive investigation and years of experience in focusing ERISA pleadings. The Rose Complaint carefully delineates the fiduciary status of each Defendant, referencing the appropriate provisions of ERISA as well as the responsibilities of each fiduciary. *See* Rose Complaint, ¶¶16-26, 63-72.

Wolf Popper filed three separate complaints in the following order: *Gray* (Case No. 9790); *Fiorino* (Case No. 10458); and *Bolla* (Case No. 10461). These complaints reflect some confusion in the structure and management of the Plans.

In *Gray*, Citigroup is identified as the Citigroup Plan Sponsor, *Gray* Complaint,¶ 17, but Citibank is not a party. In *Fiorino*, both Citigroup and Citibank are identified as the Citigroup Plan Sponsor. *Fiorino* Complaint, ¶¶ 17, 18. Then, in *Bolla*, although Citibank is identified in the caption of the case, only Citigroup, not Citibank, is alleged to be a party in the body of the Complaint. *Bolla* Complaint, ¶¶ 15-24. Tadros alleges that Citigroup was the Sponsor of both the Citigroup and Citibuilder Plans. *Tadros* Complaint, ¶ 11. None of the Gray Plaintiffs properly alleges the status of the Sponsors for each of the Plans. Moreover, none of them allege that Citibank is liable as a trustee or that the Committees may be liable for directing trustees of the Plans.

### (iv)    The Cases Allege Different Misconduct

All of the cases allege that Citigroup stock was an imprudent investment because the price of Citigroup common stock shares was artificially inflated because of undisclosed material adverse information concerning Citigroup's involvement in the subprime mortgage market. However, the alleged basis for the artificial inflation varies significantly among the cases.

Geroulo alleges a number of specific bases for artificial inflation. First, it alleges that Citigroup misrepresented the amount of credit risk it assumed through its subprime mortgage business. Specifically, Citigroup represented that it securitizes mortgages, primarily on a non-recourse basis, to reduce the Company's credit exposure and transfer the risk of future credit losses to the purchasers of the securities. Geroulo Complaint, ¶¶ 68, 70. Geroulo alleges that these representations were false and misleading because Citigroup retained a substantial amount of this credit risk. *Id.,* ¶ 71.

Second, Geroulo alleges that Citigroup breached applicable accounting rules. Citigroup securitized its mortgages through Special Investment Vehicles ("SIVs"), which Citigroup typically managed for market-rate fees and to which Citigroup provided liquidity. *Id.,* ¶ 72. Because of Citigroup's financial and other commitments to its affiliated SIVs, Citigroup was required to disclose the nature, purpose, size, and activities of the SIVs and disclose the carrying amount and classification of the consolidated assets that were collateral for the SIVs' obligations. *Id.,*¶ 73. Citigroup allegedly violated these accounting rules in that it failed to consolidate the financial results or liabilities of its affiliated SIVs as required by GAAP. Moreover, Citigroup failed to disclose in the management discussion and analysis section of its financial statements the risks attendant to Citigroup in the liabilities of its affiliated SIVs. *Id.,* ¶ 74.

Third, according to Geroulo, Citigroup made misrepresentations concerning the method of valuation of its securitized subprime mortgage assets. Citigroup represented that it values its securitized mortgage interests at fair value using financial models, quoted market prices or sales of similar assets. The Company represented that where quoted market prices are not available, it estimates fair value by determining the present value of expected future cash flows using modeling techniques that incorporate management's best estimates of key assumptions,

including prepayment spreads, credit losses and discount rates. *Id.*, ¶ 75. The Company further represented that fair value is based on externally substantiated comparisons to quoted market prices or third party broker quotations, or using models that were validated by qualified independent personnel based on inputs verified by comparison to third-party broker quotations or other third-party sources where available. *Id.*, ¶ 76. According to Geroulo, Citigroup's valuations were not based on independent sources or objectively verified and, therefore, the representations concerning valuation procedures were false or misleading. *Id.*, ¶ 77.

The Rose Complaint also contains a detailed description of the Defendants' Conduct, including what made investment of retirement plan assets in Citigroup stock an imprudent choice.[18] *See* Rose Complaint at ¶¶ 73-115. In addition to the factual description and lengthy legal counts under ERISA, the Rose Complaint includes allegations that "Defendants knew or should have known that Citigroup stock was an imprudent investment for the Plan, yet mislead Plan participants (¶¶ 116-125); "Defendants regularly communicated with the Plans' participants regarding investments in Citigroup stock yet failed to disclose the imprudence of Plan investment in Citigroup stock (¶¶ 126-128); and "Defendants suffered from conflicts of interest." (¶¶ 129-132).

The Complaints of the Gray proposed lead plaintiffs are far less detailed as to the specific undisclosed material adverse information that allegedly artificially inflated the price of Citigroup stock. Rather, they allege general statements about the decline in the subprime market as a whole

---

[18] For the sake of brevity, the Rose Plaintiffs do not repeat all of those allegations here, as they are set forth above and in the Rose Complaint exhaustively.

and the decline in Citigroup's business as a result thereof. There are few specific allegations as to the specific misrepresentations by Citigroup.[19]

### 2. SBTK and SNI Have Done More Work Identifying Potential Claims

Giving due respect to counsel for plaintiffs Gray and Tadros, the complaints filed by Plaintiffs Rose and Geroulo demonstrate the superior work performed to date in this matter. As noted herein, counsel for Plaintiffs Rose and Geroulo each have extensive prior experience in this particular type of case; this experience is evident in the complaints that the Rose Plaintiffs filed. As necessary to comport with case law that has developed in this area, largely in cases in which SBTK and SNI have served as lead or co-lead counsel, their complaints carefully articulate the basis for fiduciary responsibility of each defendant and carefully articulate when and how the Citigroup Common Stock Fund became an imprudent investment for the Plans' participants' retirement savings. In short, their complaints allege who the fiduciaries are, what the scope of their respective duties are, and how they breached these duties by failing to take appropriate actions. The allegations are detailed and specific and are borne of SBTK and SNI's experience litigating cases of this exact type.

SBTK and SNI have done more work and created better work product identifying potential claims. Indeed, as set forth above, there are material differences in the complaints filed

---

[19] In addition to the subprime lending allegations, Tadros also contains very summary allegations of claims concerning Citigroup's mutual fund business which are completely unrelated to the other claims in this case. Tadros Complaint, ¶ ¶ 58- 70. These claims are alleged with much greater detail, precision and care in *Leber v. Citigroup, Inc.,* 07 cv 9329 (S.D.N.Y.)(Stein, J.). Rather than cover these claims in only 12 paragraphs and no separate counts as Tadros does, the Leber Complaint is 23 pages long, broken out into three separate counts and concerns a class period that is six years longer than Tadros. Leber was filed one month before Tadros and appears to be the basis of the much more summary Tadros allegations. Moreover, the mutual fund allegations in Tadros have absolutely nothing to do with the subprime mortgage allegations that are the basis of this case. Therefore, these claims should be dealt with in Leber, not here.

by both groups which reflect the greater skill and effort of the Rose plaintiffs. As a further example, rather than mere boilerplate assertions of fiduciary responsibility and plan communications, the Geroulo complaint cites the actual sources: the Plans' Summary Plan Description (¶ 19), the Plans' Form 11-K Annual Report (¶ 21), a June 2007 Citigroup 401(k) Plan Newsletter (¶ 32), the Plans' Form 5500 Annual Return (¶ 145) and an October 24, 2004 memorandum to Plan Participants.

The Rose complaint similarly refers to the relevant publicly available documents, such as Form 5500 filings (¶¶ 14, p. 14 n. 6) and SEC Form 11-K filings (¶¶ 29, 34, 36, 40, 43, etc.). In addition, the Rose complaint cites to relevant case law and journal articles. *See e.g.*, Complaint at 17. Further, the Rose Complaint contains a detailed description of the Plans, including their structures, operations, assets and investments. *See Id.* at ¶¶ 27-55. In addition, counsel for the Rose Plaintiffs sent a letter to the Plan's fiduciaries requesting certain documents in accordance with ERISA § 104. *See* Meltzer Decl., Exhibit H.

Such references to the primary plan documents are generally lacking in the complaints filed by the Gray Plaintiffs, demonstrating the greater effort - and better quality - of the Rose plaintiffs.

### 3. Counsel For the Rose Plaintiffs Have The Resources Necessary To Represent The Class

Both SBTK and SNI are well-established, successful firms that have demonstrated on countless occasions their ability dedicate the resources necessary to successfully litigate a case. In addition to having the financial and logistic wherewithal, both firms have substantial expertise and a well-developed body of work-product to draw upon. These include numerous briefs on every conceivable defense litigated in analogous ERISA actions. Hence, rather than having to

reinvent the proverbial wheel, SBTK and SNI can simply draw upon their vast depth of knowledge and expeditiously respond to any argument Defendants may assert.

This pool of resources will prove invaluable to the Class and the Court through the swift and efficient prosecution of the Class's claims.

### D.    Interim Liaison Counsel

DS is a boutique law firm that handles labor relations, employment law and legal issues concerning multi-employer benefit funds and ERISA.  The firm has been involved in complex litigations in state and federal court concerning labor relations and employee benefit fund issues. DS attorneys are experienced in complex class action litigation.  Moreover, DS is conveniently located near the federal courthouses.[20]

### E.    The Court Should Reject The Gray Plaintiffs' Proposed Leadership Structure

In their competing motion, the Gray plaintiffs fail to articulate any persuasive basis to appoint that group over the more experienced team of SBTK and SNI.  Rather, the arguments set forth in their memorandum - that they were the first to file and that they have the support of a majority of cases filed - are simply irrelevant.

### 1.    "First To File" Is Not Relevant Under Rule 23(g)

Gray was the first filed case. Rose, the second filed case, was filed only eight days later. However, "first to file" is not a relevant criteria for determining the most suitable lead counsel under Rule 23(g). *See, e.g., Nowak v. Ford Motor Co.*, 240 F.R.D. at 365 (rejecting "first to file" argument and appointing SBTK co-lead counsel); *accord TCW Tech. Ltd. Pshp v. Intermedia Communs., Inc.*, No. 18293, 2000 Del. Ch. LEXIS 147, at *8-9 (October 17, 2000) (persuasive effect of "first to file" has neither empirical nor logical support").  Therefore, to the extent that

---

[20] *See also* DS Firm Resume, attached to the Meltzer Decl. as Exhibit I.

the Gray plaintiffs intended to rely on filing the first complaint to distinguish themselves from other applicants - like the Rose Plaintiffs - the fact that they won the "race to the courthouse" should not be persuasive.  Indeed, if in their haste they filed an incomplete or inaccurate complaint, this factor actually militates against their appointment under the Rule 23(g) factors.[21]

### 2.    Claiming To Have The Support Of "The Majority Of The Actions Filed" Is Both Misleading And Irrelevant

Another irrelevant argument raised in the Gray plaintiffs supporting memorandum is that their leadership structure has "the support of the vast majority of the plaintiffs' counsel in the ERISA Actions."  Again, this is not a factor that is properly considered under Rule 23(g).  In addition, this is misleading because of the seven cases filed in this matter, *three were duplicate complaints filed by Wolf Popper*.[22]  As counsel for the Gray plaintiffs surely know, the selection of lead counsel is not a democratic process.  Indeed, Rule 23(g) is designed to avoid the precise arguments raised by counsel for the Gray plaintiffs, rather the rule is intended to safeguard the interests of the putative class by ensuring that the most experienced and capable counsel are appointed.  *See* FED. R. CIV. P. 23(g) ("the court *must* appoint the applicant best able to represent the class.") (emphasis added).

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs Rose and Geroulo respectfully request that the Court enter their proposed Pretrial Order No. 1, appointing Rose and Geroulo as Interim Lead Plaintiffs, appointing SBTK and SNI as Interim Co-Lead Counsel pursuant to FED. R. CIV. P. 23(g) and DS as Interim Liaison Counsel.

---

[21]    Notably, a significant error is also present in the Gray and Tadros Plaintiffs' memorandum in support of their motion for consolidation and appointment, which cites to a local rule from the Eastern District of Michigan. *See Id.* at 3.

[22]    *See* Izard Decl. at ¶ 12 (describing counsel's inconsistency with respect to case leadership).

DATED: December 13, 2007

Respectfully submitted,

**DEALY & SILBERSTEIN, LLP**
Milo Silberstein (MS 4637)
225 Broadway, Suite 1405
New York, NY 10007
Telephone: (212) 385-0066
Facsimile: (212) 385-2117

*Proposed Interim Liaison Counsel*

**SCHIFFRIN BARROWAY
TOPAZ & KESSLER, LLP**
Joseph H. Meltzer
Edward W. Ciolko
Katherine B. Bornstein
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**SCHATZ NOBEL IZARD, P.C.**
Robert A. Izard
William Bernarduci
Wayne T. Boulton
20 Church Street, Suite 1700
Hartford, CT 06103
Telephone: (860) 493-6292
Facsimile: (860) 493-6290

**Proposed Interim Co-Lead Counsel**

972721.1

26